IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA ORTEGA, ) | |
| ) | Case No. 11-8477 |
| Plaintiff, ) | |
| ) | Jury Trial Demanded |
| vs. ) | |
| ) | |
| CHICAGO PUBLIC SCHOOLS OF THE ) | |
| BOARD OF EDUCATION OF THE CITY OF ) | |
| CHICAGO and ADELFIO GARCIA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, LINDA ORTEGA, through her attorney, complains against Defendants, and each of them, CHICAGO PUBLIC SCHOOLS OF THE BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD") and ADELFIO GARCIA, as follows:

### I. NATURE OF ACTION

1. This is an action brought against Defendant BOARD under the Americans with Disabilities in Employment Act of 1990, 29 U.S.C. Section 621, *et seq*., and 42 U.S.C. Section1983, to recover actual damages caused by Defendants' disability discrimination and retaliation against the Plaintiff, for an award of punitive damages, injunctive relief, and for such other relief as this Court deems proper, including, but not limited to, an award of attorneys fees under 42 U.S.C. § 1988. Plaintiff demands trial by jury.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

3. Venue is appropriate under 28 U.S.C. § 1391, because the Defendant conducts business in and the discrimination about which Plaintiff complains occurred in the Northern

District of Illinois.

4. The Plaintiff received, on or about August 31, 2011, a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission, a copy of which is hereto attached as Exhibit A, and this case was originally timely filed within ninety days.

5. The Plaintiff, LINDA ORTEGA ("ORTEGA"), who suffered from a disability during all relevant times, is a resident of the State of Illinois. Plaintiff's disability is left arm paralysis. At no time did Plaintiff's left arm paralysis prevent Plaintiff from performing the essential functions of her job duties as a teacher.

6. At all times relevant to this cause of action, defendant BOARD principally engaged in the business of educating children in the City of Chicago, in the Northern District of Illinois, through the provision of educational services and facilities. Moreover, at all relevant times, the BOARD employed, in an industry affecting commerce, over fifteen individuals for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year. Further, upon information and belief, the BOARD employs and has employed over five hundred employees. The BOARD is a state actor, acting under the color of state law. Defendant GARCIA was, at all relevant times, an employee and/or agent of the BOARD and was Principal of James Hedges Elementary.

### III. GENERAL FACTS

7. Plaintiff began working as a teacher at James Hedges Elementary in January 1998.

8. On or about 2007-2008, the Principal at James Hedges Elementary School was Defendant GARCIA. At or about 2007, Defendant GARCIA began treating Plaintiff differently than her similarly situated, non-disabled colleagues with regard to the terms and conditions of employment. Specifically, Plaintiff was made to process extensive and last minute paperwork,

while her similarly situated colleagues were not required to perform these tasks. Because of Plaintiff's left arm paralysis, she is unable to type with her left hand and must do all typing with her right hand. As a result, Plaintiff requires a bit more time to prepare paperwork. Plaintiff was required to make extraordinary effort to overcome her disability where other, similarly situated, non-disabled, colleagues were not required to take such extraordinary efforts.

9. Moreover, when Plaintiff requested reasonable accommodation for her disability, Defendant GARCIA ignored her requests.

10. Plaintiff filed a grievance with her Union regarding Defendant GARCIA's failure to provide reasonable accommodation, which grievance was processed on or about July 31, 2008. On or about April 28, 2009, Plaintiff filed a second grievance with her Union regarding Defendant GARCIA's failure to provide her with an "additional" forty-minute duty free preparation period per month to conduct Local School Council business.

11. During the 2008-2009 school year, Defendant GARCIA continued to require Plaintiff to take on more paperwork than her similarly situated, non-disabled colleagues, and refused to reasonably accommodate Plaintiff. For example, for the 2008-2009 Hedges Middle School Quarterly Departmentalized Grade Workload, Plaintiff was required to process 200 grades on the Progress Reports and 500 grades on the Report Cards, while her similarly situated, non-disabled colleagues were required to process between 200 and 390 reports, collectively. Further, at or about March of 2009, GARCIA assigned Plaintiff a report which was much lengthier than that required of Plaintiff's similarly situated, non-disabled colleagues. GARCIA again refused reasonable accommodation, *i.e.*, slightly more time to prepare the report.

12. Beginning in May of 2009, GARCIA issued Plaintiff several cautionary notices. These notices raised false allegations against Plaintiff. GARCIA also began calling meetings

with Plaintiff, for no legitimate business purpose, in an attempt to harass Plaintiff.

13. On May 17, 2009, Plaintiff complained to the BOARD's EEOC Compliance Officer, Joan Hill-McClain, about GARCIA's discriminatory behavior. Defendant GARCIA became aware of the complaint on May 18, 2009. Also, on May 18, 2009, GARCIA demanded of Plaintiff that she enter certain information which could effectively change student grades. Plaintiff inquired of CPS whether GARCIA's demands were appropriate and was told that no one at the local school level had permission to enter daily assignment level grades and doing so would invalidate progress report and report card grades.

14. In late May 2009, GARCIA assigned Plaintiff to a grade she was not certified to teach. Plaintiff told GARCIA that she was not certified to teach this grade, but GARCIA ignored Plaintiff's complaint. On June 1, 2009, Plaintiff filed another grievance with her Union.

15. On June18, 2009, Plaintiff filed a fourth grievance with her Union regarding GARCIA's requests, since January 2009, that the LSC meeting minutes be altered. Plaintiff consistently refused to alter the LSC minutes. At or about November 2008, Plaintiff had requested an audit of the LSC, of which, GARCIA was aware.

16. On or about June 2009, Defendant GARCIA informed Plaintiff that by the end of the 2009-2010 school year, Plaintiff's position as a tenured and certified teacher would be terminated and that Plaintiff would become a reassigned teacher. Plaintiff's position was, in fact, eliminated and Plaintiff became a reassigned teacher. As a reassigned teacher, if the teacher does not secure another position with the BOARD within one year, the teacher is "honorably terminated." Teachers retained to teach middle school at James Hedges Elementary had less seniority that Plaintiff.

17. At all relevant times, Plaintiff adequately performed her job duties.

18. While Plaintiff was serving as a reassigned teacher during the 2009-2010 school year, at least eight positions opened up at James Hedges Elementary for which Plaintiff was as qualified or more qualified than the persons hired. Plaintiff applied for each of these positions but was never rehired by Defendants GARCIA and/or the BOARD. Upon information and belief, the similarly situated persons hired into these positions were not disabled. Moreover, the persons hired into these positions did not file grievances against GARCIA and did not question GARCIA's utilization of school funds and processes.

### IV.

### DISCRIMINATION AND RETALIATION IN VIOLATION OF AMERICANS WITH DISABILITIES IN EMPLOYMENT ACT OF 1990

19. Plaintiff incorporates paragraphs 1-18 in this Count.

20. Defendant BOARD, by and through its agent and/or employee, GARCIA, treated Plaintiff differently than her similarly situated, non-disabled colleagues in the terms and conditions of her employment. Moreover, Defendants, and each of them failed to reasonably accommodate Plaintiff's disability.

21. When Plaintiff complained of disability discrimination to various entities, including both Defendants, Plaintiff's job was "eliminated" and Plaintiff was refused future employment opportunities.

22. As a result of the discriminatory acts of Defendants, and each of them, Plaintiff suffered embarrassment, humiliation, emotional distress, and significant financial loss.

23. The Americans with Disabilities in Employment Act of 1990 protects Plaintiff from discrimination based upon disability and demands that reasonable accommodation be made for persons with disabilities.

24. Defendants have violated the rights of Plaintiff by treating Plaintiff differently than her similarly situated non-disabled colleagues in the terms and conditions of her employment, by failing to provide Plaintiff with reasonable accommodation for her disability, and by retaliating against Plaintiff because of her complaints of disability discrimination.

WHEREFORE, Plaintiff demands the following relief against Defendants, and each of them:

(a) an award of actual damages in an amount to be determined at trial;

(b) an award of punitive damages in the amount of $1,000,000.00;

(c) an award of attorneys' fees pursuant to 42 U.S.C. § 1988; and

(d) such other relief as this Court deems appropriate.

Respectfully submitted,
LINDA ORTEGA


/s/ Deidre Baumann
_____
By: One of Her Attorneys

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, IL 60603

(312) 558-3119