# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA ORTEGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV-8477 |
| v. ) | |
| ) | Judge Thomas Durkin |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant has filed a Motion for Final Judgment Under Rule 54(b) and Motion to Stay Judgment Under Rule 62 ("Motion"). The Motion is noticed for hearing on January 3, 2018 at 9:00 a.m.

The Court has serious concerns over whether Rule 54(b) is the proper vehicle for rendering a final judgment in this matter. The Seventh Circuit has said that "trial judges do not have carte blanche to certify partial dispositions for immediate appeal under Rule 54(b)," and "[t]he rule itself makes clear that a district judge may enter an appealable judgment *only if* it disposes of a 'claim for relief' that is 'separate' from the claims not disposed of." *Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 701 (7th Cir. 1984) (emphasis added). Although the Supreme Court has not "attempt[ed] any definitive resolution of the meaning of what constitutes a claim for relief within the meaning of the Rules," it has said that "a complaint asserting only one legal right, *even if seeking multiple remedies for the alleged violation of that right*, states a single claim for relief." *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744 n.4 (1976) (emphasis added).[1]

---

[1] *See also Local P-171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.,* 642 F.2d 1065, 1069 (7th Cir. 1981) (Rule 54(b) requires that the district court action "encompass multiple parties or multiple claims for relief, *rather than* a single claim resting on multiple theories or *a single claim with*

The parties should be prepared at the January 3, 2018 Motion Hearing to discuss the appropriateness of Rule 54(b) as a means of entering a final appealable partial judgment in this matter, and if it is not, whether any alternatives to Rule 54(b) certification exist in light of this Court's November 21, 2017 Memorandum Opinion and Order, R. 192. If no alternatives exist for an immediate appeal given the Court's November 21, 2017 Memorandum Opinion and Order, then the parties should be prepared to discuss options for amending that opinion so as to render it a final judgment subject to immediate appeal.

_Thomas M. Durkin_
Thomas M. Durkin
United States District Judge

Dated: December 21, 2017

---

*alternative requests for relief*") (emphasis added); Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2657 ("[W]hen plaintiff is suing to vindicate one legal right and alleges several elements of damage or seeks multiple remedies, only one claim is presented and subdivision (b) does not apply.") (citing, *inter alia*, *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994); *Reyher v. Champion Intern. Corp.*, 975 F.2d 483 (8th Cir. 1992) (multiple remedies in ADEA cases do not transform single claim of intentional age discrimination into multiple claims); *Monument Management Ltd. Partnership I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992); *Ariz. State Carpenters Pen. Tr. Fund v. Miller*, 938 F.2d 1038 (9th Cir. 1991) 938 F.2d 1038 (9th Cir. 1991) (when liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim for Rule 54(b) purposes); *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990) ("An order that eliminates two of several elements of damages flowing from a single claim does not qualify for certification under Rule 54(b)."); *Stearns v. NCR Corp.*, 195 F.R.D. 652 (D. Minn. 2000) (Court's determination that the employer was liable to the employees for breach of contract was not distinct from the employees' claim for injunctive relief and restitution, and thus the court would not enter final judgment on the issue of liability before resolving the other issues.).